In the Matter of HARRY ROSENBAUM, an Attorney, Respondent.

First Department, May 2, 1930.

*Einar Chrystie*, for the petitioner.

*Harry Rosenbaum*, respondent in person.

DOWLING, P. J. Respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term

of the Appellate Division of the Supreme Court of the State of New York, Second Department, on July 1, 1902.

Respondent is charged with misconduct as an attorney at law in that in January, 1929, while acting as attorney for Mrs. Mary Barry and Miss Katharine A. White, he collected $120 interest due on a bond and mortgage owned by them and converted the entire sum to his own use.  -

Respondent answered the petition herein admitting that he collected the money and that no part of it has been paid to his clients and asserting that, in view of the fact that for some years he had rendered services to them without pay, " he felt that the mortgagees should have indulged him until his charges for services rendered could be adjusted with them.  For that reason, he did not remit the semi-annual interest due January 15, 1929."

The record shows respondent received a check for $120 drawn to his order and dated January 14, 1929, from the owner of property in Central Islip, Long Island, on which Mrs. Mary Barry and Miss Katharine A. White held a mortgage for $4,000.  This check was in payment of the six months' interest on the mortgage due January 15, 1929.  Respondent indorsed the check and deposited it in the account of " I. & H. Rosenbaum " in the Brooklyn Trust Company, which account he described as a special account.  I. Rosenbaum was his father.

It appears that in 1926 Mrs. Barry and Miss White sold the Central Islip property and from the date of the sale to January, 1929, respondent had been receiving the interest on the mortgage and turning it over to his clients.

Not receiving the January, 1929, interest and learning that it had been paid to respondent, Mrs. Barry and Miss White made repeated but unsuccessful attempts to have respondent turn it over to them.  Finally an action was instituted on behalf of Mrs. Barry against respondent to collect sixty dollars, her share of the interest, and an additional forty-nine dollars which it was claimed respondent owed her.  Respondent permitted judgment to be taken against him by default, and the execution subsequently issued has been returned unsatisfied.  No part of this judgment has been paid, nor has any part of the share of the interest due Miss White been paid.  Respondent admits that he used the one hundred and twenty dollars in question for office and living expenses.

When the Central Islip property was sold in 1926, respondent was paid for his services rendered.  After that time there was no suggestion on his part that he should be paid for collecting the interest.  On the hearing before the official referee to whom the

matter was referred, he testified that he did not claim to be entitled to $120 for collecting the $600 interest.

After this matter had been brought to the attention of the grievance committee of the Bar Association, respondent was given an opportunity to answer the charges or to give any explanation he desired to make. He did not see fit to avail himself thereof. Nor did he make any claim in the Barry action for services ren dered. Speaking of the explanation offered by respondent in his answer to the petition herein, the official referee said, and we agree with him, that it " is an obvious invention, resorted to at the last minute to mitigate the charge of converting it to his own use."

The account in the Brooklyn Trust Company has long since been closed, as well as respondent's account in another institution. It is clear that respondent used his clients' money for his own purposes, and nothing is shown in mitigation of his offense. The respondent should be disbarred.

MERRELL, FINCH, McAVOY and SHERMAN, JJ., concur.

Respondent disbarred.